**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering (SBN 122509)
Brenton Aitken Whitney Hands (SBN 308601)
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerry@steeringlaw.com ; jerrysteering@yahoo.com
brentonaitken@gmail.com

Attorneys for Plaintiff Gail Seabra

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL SEABRA,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF RIVERSIDE, JOHNNY CHAD BIANCO and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983) FOR: UNREASONABLE / UNLAWFUL ENTRY INTO AND SEARCH AND SEIZURE OF PRIVATE RESIDENCE (U.S. CONST. AMEND 4); VIOLATION OF TAKINGS CLAUSE (U.S. CONST. AMEND 5); VIOLATION OF SUBSTANTIVE DUE PROCESS (U.S. CONST. AMEND 14); *MONELL* CLAIM FOR POLICY, PRACTICE and CUSTOM; *MONELL* CLAIM FOR FAILURE TO TRAIN and FOR UNCONSTITUTIONAL POLICY/ CUSTOM/PRACTICE and CALIFORNIA STATE LAW CLAIMS FOR INVERSE CONDEMNATION & VIOLATION OF TAKINGS CLAUSE OF THE CALIFORNIA CONSTITUTION (Art. I, § 19); |

COMPLAINT FOR DAMAGES

1

CONVERSION/TRESPASS TO CHATTELS; NEGLIGENCE and INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**JURY TRIAL DEMANDED**

**COMES NOW** plaintiff Gail Seabra and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As plaintiff's claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiff's California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367 and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4. Plaintiff Gail Seabra timely filed her Claim For Damages against the County of Riverside on October 19, 2023, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 et seq. Said claim was sent by certified mail, return receipt requested, and was subsequently lost by the United States Postal Service.

5. Thereafter, an Application to File a Late Claim was sent to the Riverside County Board of Supervisors on April 19, 2024. Said Application to File a Late Claim was rejected by the County of Riverside on April 25, 2024.

6. Thereafter, on August 30, 2024, plaintiff Gail Seabra filed a Verified

COMPLAINT FOR DAMAGES
2

Petition to be Relieved from the Tort Claim Filing Requirement of the California Government Code[1] in the Riverside County Superior Court[2].

7. Thereafter, on November 19, 2024, the Riverside County Superior Court Granted plaintiff Gail Seabra's Petition to be Relieved of the Claim Filing Requirement of the California Government Code for her claims in this case.

## GENERAL ALLEGATIONS

8. Plaintiff Gail Seabra, date of birth September 27, 1947, hereinafter referred to as "SEABRA" and/or "plaintiff" and/or "Gail Seabra" is a natural person, who, at all times complained of in this action, resided in the County of Riverside, State of California.

9. Defendant County of Riverside, hereinafter also referred to as "County of Riverside" or "COUNTY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

10. Defendant Johnny Chad Bianco[3], hereinafter referred to as "BIANCO", is a sworn officer peace officer and the elected Sheriff of Riverside County, as well as the Coroner and the Chief Public Administrator of the Riverside County Sheriff's Department, who at all times complained of in this action was acting as an individual person under the color of state law, as well as the Chief and Final Policymaking Official for the Riverside County Sheriff's Department, and was acting in the course of and within the scope of his employment with the Riverside County Sheriff's Department and defendant County of Riverside.

11. Defendants DOES 1 through 6, inclusive, are sworn peace officers

---

[1] Pursuant to Cal. Gov't Code § 946.6.
[2] Riverside County Superior Court Case no. CVMV2406685.
[3] Also known as and more commonly referred to as "Chad Bianco".

and Deputy Sheriffs and/or Supervisors and/or Investigators and/or Special Officers and/or a dispatchers and/or some other Public Officer, public official or employee of defendant County of Riverside and/or with some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or who are otherwise responsible for and liable to plaintiff for the acts complained of in this action. The identities of DOES 1 through 6, inclusive, are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

12. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or Deputy Sheriffs and/or Special Officers and/or Supervisors (i.e. Corporals, Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or other Public Officers, employed by defendant County of Riverside and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant County of Riverside.

13. Defendants BIANCO and DOES 7 through 10, inclusive, are sworn peace officers and/or the elected Sheriff of the Riverside County[4] and/or the Undersheriff of Riverside County and/or Assistant Sheriffs of Riverside County and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policymaking and/or final policymaking officials for the County of Riverside/Riverside County Sheriff's Department, employed by the County of Riverside and/or with some other public entity, who were acting as individual

---

[4] And a final policymaking official with the County of Riverside/Riverside County Sheriff's Department.

COMPLAINT FOR DAMAGES

4

persons under the color of state law, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as: 1) by failure to properly train and/or failure to properly supervise and/or improperly directing subordinate officers/Supervisory Officials/Deputy Sheriffs, 2) by approving/ratifying unconstitutional actions of subordinate officers/Supervisory Officials/Deputy Sheriffs, 3) by creating unconstitutional policies, practices and procedures for the use of military type vehicles to effect arrests of persons inside of private residences[5]; 4) by creating unconstitutional policies, practices and procedures for the use of other devices, including flash-bang grenades, tear gas and other types of irritants and other type incendiary and irritant devices to effect arrests of persons inside of private residences; 5) by creating unconstitutional policies, practices and procedures for the use of other types of vehicles and devices to effect arrests of persons inside of private residences, and 6) by creating other unconstitutional policies, practices and procedures for other techniques for the arrest of persons inside of private residences, including literally destroying private residences to expose persons occupying/hiding/concealing themselves in private residences, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

14.    In addition to the above and foregoing, plaintiff Gail Seabra[6] made a California Public Records Act request to defendant County of Riverside on September 11, 2024 to discover, *inter alia*[7], the identities of those Riverside County Sheriff's Department personnel/deputy sheriffs/supervisors who were

---

[5] Such as TAC-CAT devices and other military devices.
[6] Through her counsel of record Jerry L. Steering, Esq.
[7] In addition to other facts and events and reasons for the actions complained of in this case.

present at the scene at plaintiff SEABRA's home during the September 1, 2023 incident complained of in this action.

15. On September 16, 2024 and September 24, 2024 the Riverside County Sheriff's Department responded to plaintiff's September 11, 2024 California Public Records Act requests. However, neither of those responses by the Riverside County Sheriff's Department provided any of the information requested in plaintiff's September 11, 2024 California Public Records Act Demands, and, to date, no such information has been provided to plaintiff SEABRA or her counsel with any of the information requested in plaintiff SEABRA's California Public Records Act Demands.

16. Accordingly, plaintiff SEABRA and her counsel are still unaware of the identities of DOES 1 through 10, inclusive, and plaintiff SEABRA will amend her instant Complaint for Damages to add and to show the actual names of said DOE defendants, when so ascertained by plaintiff SEABRA.

15. At all times complained of herein, defendants BIANCO and DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as Police Officers and/or Supervisory Officers, the Sheriff, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the County of Riverside and/or with some other public entity, and/or some other public official(s) with the County of Riverside and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant County of Riverside.

16. In addition to the above and foregoing, defendants DOES 1 through 10, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff SEABRA of her federal Constitutional, statutory and common law rights as complained of below in this

COMPLAINT FOR DAMAGES

6

action, and acted in joint and concerted action to so deprive plaintiff SEABRA of those rights as complained of herein; all in violation of California state law and in violation of 42 U.S.C. § 1983, and otherwise in violation of United States and California constitutional, statutory law and common law.

17.    Said conspiracy/agreement/understanding/plan/scheme/joint action/concerted action, above referenced, was a proximate cause of the violation of the plaintiff Gail Seabra's federal and state constitutional, statutory rights and common law rights as complained of herein.

**FIRST CAUSE OF ACTION**
**UNREASONABLE / UNLAWFUL ENTRY INTO AND SEIZURE OF PRIVATE RESIDENCE UNDER FOURTH AMENDMENT[8]**
**[42 U.S.C. § 1983]**
**(By Plaintiff GAIL SEABRA against Defendants BIANCO and DOES 1 through 10, inclusive)**

18.    Plaintiff SEABRA hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, inclusive, above, as if set forth in full herein.

19.    Plaintiff SEABRA is and at all times was a resident of the County of Riverside. At the time of the events described below, plaintiff SEABRA resided at 18859 Lisa Lane, Perris, California, in a single-family residence mobile home that at all times complained of herein, she owned and owns.

20.    On or about on August 22, 20023 a bench warrant had issued for plaintiff SEABRA's nephew, Jerid Sir John Fields, hereinafter referred to as "FIELDS", who resided at plaintiff's home, for his arrest for his failure to appear at a felony settlement conference in his then pending criminal case; *The People of the State of California v. Jerid Sir John Fields*, Riverside County Superior Court Case Number RIF2303456.

---

[8] U.S. Const. Amend. 4.

21.     Several times between August 22, 2023 and September 1, 2023 Riverside County Sheriff's Department deputy sheriffs and supervisors had stopped-by / driven-by plaintiff's home at 18859 Lisa Lane, Perris, California looking for FIELDS, but he was not there.

22.     Thereafter, on September 1, 2023, at approximately 11:30 a.m., while driving up the road leading to her home plaintiff SEABRA was stopped by several Riverside County Sheriff's Department deputy sheriffs, DOES 1 through 3, inclusive.

21.     Plaintiff SEABRA asked said deputy sheriffs who had stopped her what was going on, and they told her that they were there to arrest her nephew, FIELDS, and that they were waiting for him to come out of her house, but so far FIELDS failed to exit plaintiff's home after having been ordered to do so by DOES 1 through 6[9], inclusive.

22.     Said Riverside County Sheriff's Department deputy sheriffs and supervisors, DOES 1 through 6[10], inclusive, also told plaintiff SEABRA that they were going to get FIELDS out of her house one way or another.

23.     Plaintiff SEABRA begged the deputy sheriffs not to destroy her house or kick down her doors and offered said deputy sheriffs the key to her home so that they could enter her home without damaging it.

---

[9] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.

[10] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.

COMPLAINT FOR DAMAGES

24. Plaintiff SEABRA also requested that said deputy sheriffs permit her to go inside of her home to get FIELDS out of the same for said deputies[11], and that she was confide nt that she would not be in any danger by going inside of her home as her nephew would not harm her, and that she was confident that she would be able to get FIELDS to exit her home and to surrender to said deputies.

25. However, said deputies[12] refused to allow plaintiff SEABRA to go inside of her home to retrieve FIELDS or to ask him to exit the same to submit to arrest.

26. Plaintiff SEABRA also explained to said deputies[13] that there were no guns or weapons in her home other than a BB long gun[14] that she used to shoot rodents, that there were no dogs in her home, and that her nephew, FIELDS, probably wasn't coming out of her home because he was ill and physically infirm[15], and often has difficulty walking.

27. Plaintiff SEABRA also explained to said deputies that her nephew, FIELDS, had missed his court appearance on or about August 22, 2023 because he was ill and was in the hospital that day.

28. Moreover, in the criminal case against FIELDS, *The People of the State of California v. Jerid Sir John Fields*, Riverside County Superior Court Case Number RIF2303456, FIELDS was only accused of taking a vehicle without consent, possession of stolen property (the vehicle) and misdemeanor evading.

29. Those crimes did not arise to any sort of emergency situation or necessity to quickly or immediately remove FIELDS from plaintiff SEBRA's home, and did not warrant such a showing of great and excessive force any cruel

---

[11] DOES 1 through 6, inclusive.
[12] DOES 1 through 6, inclusive.
[13] DOES 1 through 6, inclusive.
[14] Like a child's "toy" BB rifle.
[15] That Jerid Fields had debilitating health conditions including gout, and back and knee injuries

and ruthless destruction of plaintiff SEBRA's home as described below, especially as FIELDS was not trying to flee and as he posed no threat to said DOE defendant deputies and supervisors.

30.     Plaintiff SEABRA also explained to the deputies that her nephew FIELDS had debilitating health conditions including gout and back and knee injuries, and that he had difficulty walking.

31.     Plaintiff SEABRA again begged said DOE defendant deputies to go into her house to get her nephew FIELDS out of the same for them, but the deputies told her not to do so and to stay in her car.

32.     One of the Riverside County Sheriff's Department deputy sheriffs, DOE 1, had parked his patrol car in plaintiff SEABRA's driveway.

33.     That deputy sheriff, DOE 1, was standing behind his car yelling with a bullhorn for FIELDS to come out of plaintiff SEABRA's house, and continued yelling for FIELDS to come out of plaintiff's house for approximately 45 minutes.

34.     Eventually, that/those deputy sheriff(s) with the bullhorn, DOE 1 and/or DOE 2, backed his/their car out of plaintiff SEABRA's driveway, and a Riverside County Sheriff's Department SWAT vehicle entered in its place.

35.     Another deputy sheriff, DOE 3, got out of the SWAT vehicle, stood behind it and again began yelling into a bullhorn, demanding that FIELDS exit plaintiff's home. This continued for another hour or so.

36.     Soon thereafter, another deputy sheriff, DOE 4, arrived at plaintiff SEABRA's home with a canine and began threatening FIELDS with sending the Sheriff's Department canine in after him lest he exit plaintiff's home.

37.     The deputies[16] thereafter continued screaming for a couple more hours for FIELDS to exit plaintiff SEABRA's home.

38.     Eventually, the Riverside County Sheriff's Department SWAT team,

---

[16] Including supervisors.

COMPLAINT FOR DAMAGES

10

DOES 4 through 6[17], inclusive, began launching flashbang grenades into plaintiff SEABRA's home, shattering the windows of her home and otherwise damaging her home.

39.     Thereafter, the Riverside County Sheriff's Department SWAT team, DOES 4 through 6[18], inclusive began launching tear gas canisters into plaintiff SEABRA's home, damaging her home.

40.     Plaintiff SEABRA again offered to go inside of her home and to get her nephew, FIELDS, out of her home and have him surrender to the deputies.

41.     Plaintiff SEABRA also requested the deputies to simply enter her home to arrest FIELDS, as he presented no threat to them and again, that there were no firearms inside of her home. However, they refused to do so.

42.     Plaintiff SEABRA also again requested the deputies to allow plaintiff SEABRA to go inside of her home to retrieve FIELDS for them to arrest. The deputies again refused to allow her to go inside and get her nephew.

43.     Thereafter, the DOE deputies drove a relatively small remote-controlled robotic device into plaintiff SEABRA's home with a video camera device affixed thereto (a true and correct photo of the actual device shown immediately below), and drove the device inside of her home and viewed the

---

[17] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.

[18] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.

COMPLAINT FOR DAMAGES

11

interior of the same in an attempt to locate FIELDS. However, they were unsuccessful in locating FIELDS with that smaller remote device.

44.    Plaintiff SEABRA again requested the deputies to allow her to go into her home to retrieve FIELDS for them to arrest, and again said deputies refused to so allow plaintiff SEABRA to do so.



45.    Thereafter, said DOE deputies drove a TAC-CAT vehicle with a big, long claw on the front (the "Robot") onto plaintiff SEABRA's property.

46.    That TAC-CAT vehicle is a military vehicle that has several different uses, including being an armored personnel carrier with a front window and a bullet proof shield, or, as used by said DOE defendants during the September 1, 2023 incident complained of in this case, equipped with a claw type grabbing and battering arm, to demolish the outside and inside walls of plaintiff's home, and to grab, pull-out and basically destroy those items of furniture and other items inside of plaintiff's




home outside of the same; true and correct photos of the actual TAC-CAT device (the "Robot") used on plaintiff's home shown above.

COMPLAINT FOR DAMAGES

12

47.     The deputies used the TAC-CAT device (the "Robot") to rip out windows and the walls of plaintiff SEABRA's home. The Robot TAC-CAT device tore down three entire walls and destroyed numerous items of plaintiff SEABRA's personal property (true and correct photos of some of the damage to plaintiff's home from the defendant deputies' used of the TAC-CAT device on plaintiff's home shown immediately below.)



COMPLAINT FOR DAMAGES

13





COMPLAINT FOR DAMAGES

14

48.     Using the Robot TAC-CAT vehicle, said deputies, DOES 1 through 6[19], inclusive, destroyed plaintiff SEABRA's home. Said deputies refused to consider less dangerous and destructive methods to extricate FIELDS from plaintiff SEABRA's home, and there was no emergency situation that existed when defendants destroyed plaintiff's, nor did any condition exist necessitating any quick or immediate actions by said defendant deputies to arrest FIELDS.

49.     Moreover, while said defendant deputies were destroying plaintiff's home by knocking down the walls of the home and pulling out the furniture and other contents of plaintiff's home with the claw apparatus of the Robot TAC-CAT vehicle/device, the defendant DOE deputies actually saw that FIELDS was not even inside of plaintiff SEABRA's home but was hiding underneath the home in the crawlspace area beneath the floor of plaintiff's home.

50.     However, notwithstanding having become aware that FIELDS was not even inside of plaintiff SEABRA's home but was hiding underneath the home in the crawlspace area beneath the floor of plaintiff's home, said DOE defendants continued to destroy plaintiff's home by knocking in and tearing down the walls of plaintiff's home and by pulling out the contents of said home and strewing those contents about the grounds outside of the plaintiff's home.

51.     Accordingly, the destruction of plaintiff SEABRA's home by the Riverside County Sheriff's Department in the execution of an arrest warrant was not necessary to effectively and safely execute that arrest warrant for FIELDS.

52.     The DOE defendant deputies and supervisors could have simply allowed plaintiff to go back inside of her home and get FIELDS to exit the house

---

[19] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.

and surrender to the DOE defendant deputies, and that would have happened had said defendants so allowed plaintiff to enter her home and brought FIELDS outside of the home to surrender to the deputies.

53. Alternatively, said DOE defendants could have just entered plaintiff's home consensually, using her keys, and could have retrieved her nephew and brought him outside for the officers to arrest without incident.

54. Eventually, plaintiff SEABRA's nephew FIELDS walked out to the driveway where the deputies picked him up and transported him to the hospital to be medically cleared for booking.

55. Alternatively, said DOE defendants could have just waited for FIELDS to exit plaintiff's home to eventually submit to arrest by said DOE defendants.

56. The September 1, 2023 incident described above lasted for approximately 7 hours and throughout the duration and course of the subject incident, plaintiff SEABRA verbally protested to said DOE defendants about the destruction off her home.

57. Following the subject incident of September 1, 2023, plaintiff SEABRA called the Riverside County Sheriff's Department asking them to return her keys that she had handed to said DOE defendants when she asked them to use the keys to her home to go inside and arrest FIELDS. Plaintiff SEABRA did not receive a call back from the Sheriff's Department. She continued calling the Sheriff's Department for three days, but they never returned her calls.

58. Approximately one week later, as plaintiff SEABRA was cleaning up her backyard, she found her keys under some debris from the destruction of her home.

59. Following the September 1, 2023 incident and after FIELDS had been arrested and taken to jail, Riverside County Sheriff's Department deputy sheriffs returned to plaintiff SEABRA's home and walked inside of the home and

COMPLAINT FOR DAMAGES
16

searched it without a warrant and took photos of what they had done to plaintiff's home, without consent and in the absence of an emergency situation.

60.    The defendant DOE deputies told her that someone from the Riverside County Sheriff's Department would come to her home shortly to leave paperwork. However, no one ever delivered any such paperwork to plaintiff SEABRA.

61.    As a result of the September 1, 2023 incident as described above, plaintiff SEABRA suffered substantial property damage to her home in excess of $75,000.000 as well as expenses for having to live elsewhere.

62.    As a result of the September 1, 2023 incident as described above, plaintiff SEABRA suffered substantial personal property damage in an amount in excess of $25,000.000.

63.    As a result of the September 1, 2023 incident as described above, and the search of her home by said defendant DOE deputy following that incident, plaintiff SEABRA suffered severe physical, mental and emotional distress, shock, pain and suffering; suffering that was so severe that she suffered several strokes from the physical manifestation of such emotional distress, pain and suffering.

64.    Furthermore, defendant BIANCO and DOES 7 through 10, inclusive, were aware of the situation at plaintiff's home and assented to and agreed to and ratified the destruction of plaintiff's home and the unlawful search of the same.

65.    Accordingly, the conduct of defendants BIANCO and DOES 1 through 10, inclusive, as complained of in this action, constituted a violation of plaintiff SEABRA's rights to be free from an unreasonable/unlawful/unconstitutional entry into, and an unreasonable/unlawful/unconstitutional search of plaintiff's home, and the unreasonable/unlawful/unconstitutional seizure and destruction of plaintiff's home and her personalty, all under the Fourth Amendment to the United States Constitution.

66.   As a direct and proximate result of the actions of defendants BIANCO and DOES 1 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured[20], 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of her real and personal property[21] and 4) incurred damage to her real and personal property in excess of $100,000.00, and 5) incurred other special and general damages and expenses, all in an amount to be proven at trial which is in excess of $15,000,000.00.

67.   The actions of defendants BIANCO and DOES 1 through 10, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save defendant COUNTY, in an amount to be proven at trial which is in excess of $15,000,000.00.

## SECOND CAUSE OF ACTION
### VIOLATION OF TAKINGS CLAUSE UNDER FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### [42 U.S.C. § 1983]
### (By Plaintiff GAIL SEABRA Against Defendants COUNTY, BIANCO and DOES 1 through 10, inclusive)

68.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 67, inclusive, above, as if set forth in full herein.

69.   As shown above, the actions of defendants Riverside County Sheriff's Department deputy sheriffs and Supervisors (DOES 1 through 6,

---

[20] As described above.

[21] Moreover, defendants' destruction of plaintiff's home made her home uninhabitable and caused plaintiff to have to reside elsewhere at great expense to her in an amount in excess of $25,000.00.

inclusive[22]), the elected Sheriff of Riverside County, defendant BIANCO, and other high-ranking final policy making officials with the Riverside County Sheriff's Department (DOES 7 through 10, inclusive[23]), in destroying plaintiff SEABRA's home and her personal property to effect an arrest of FIELDS pursuant to a bench warrant for his failure to appear in court, constituted the taking of plaintiff SEABRA's real and personal property for public use (i.e. the arrest of FIELDS pursuant to a bench warrant), without just compensation.

70.    Moreover, no emergency situation existed to apprehend FIELDS, and there was no necessity to immediately or to quickly apprehend him or to damage and destroy plaintiff SEABRA's home and items of personal property to arrest FIELDS.

71.    Accordingly, plaintiff SEABRA's private home and items of personal property were damaged and destroyed for public use/for public purpose, in the absence of any necessity or emergency exception to the takings clause of the Fifth Amendment's right to just compensation.

72.    Defendants have provided plaintiff no compensation at all for the damage and destruction of plaintiff's property, both real and personal.

73.    Accordingly, the conduct of defendants COUNTY, BIANCO and DOES 1 through 10, inclusive, as complained of in this action, constituted a

---

[22] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.

[23] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.

COMPLAINT FOR DAMAGES

violation of plaintiff SEABRA's right to just compensation when her property has been taken by the government for public use/public purpose under the takings clause of the Firth Amendment to the United States Constitution.

74. As a direct and proximate result of the actions of defendants BIANCO and DOES 1 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured and suffered severe physical, mental and emotional pain, suffering and distress[24], 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of her real and personal property[25] and 4) incurred damage to her real and personal property in excess of $100,000.00, and 5) incurred other special and general damages and expenses, all in an amount to be proven at trial which is in excess of $15,000,000.00.

75. The actions of defendants BIANCO and DOES 1 through 10, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save defendant COUNTY, in an amount to be proven at trial which is in excess of $10,000,000.00.

**THIRD CAUSE OF ACTION**
**VIOLATION OF SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**[42 U.S.C. § 1983]**
**(By Plaintiff GAIL SEABRA Against Defendants BIANCO and DOES 1 through 10, inclusive)**

---

[24] suffering that was so severe that she suffered several strokes from the physical manifestation of such emotional distress, pain and suffering.
[25] Moreover, defendants' destruction of plaintiff's home made her home uninhabitable and caused plaintiff to have to reside elsewhere at great expense to her in an amount in excess of $25,000.00.

COMPLAINT FOR DAMAGES
20

76.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 75, inclusive, above, as if set forth in full herein.

77.    As shown above, the actions of the defendant Riverside County Sheriff's Department deputy sheriffs and Supervisors DOES 1 through 6[26], inclusive, and defendants BIANCO and DOES 7 through 10[27], inclusive, constituted the physical invasion into and damage and destruction of plaintiff SEABRA's home, constituted outrageous conduct that is shocking to the conscience, in violation of plaintiffs' rights of Substantive Due Process under the Fourteenth Amendment to the United States Constitution.

78.    As a direct and proximate result of the actions of defendants BIANCO and DOES 1 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured[28] and suffered severe physical, mental and emotional pain, suffering and distress[29],  2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of her real and personal property[30] and 4) incurred damage to her real and personal

_____

[26] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.

[27] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.

[28] As described above.

[29] suffering that was so severe that she suffered several strokes from the physical manifestation of such emotional distress, pain and suffering.

[30] Moreover, defendants' destruction of plaintiff's home made her home uninhabitable and caused plaintiff to have to reside elsewhere at great expense to her in an amount in excess of

COMPLAINT FOR DAMAGES

21

property in excess of $100,000.00, and 5) incurred other special and general damages and expenses, all in an amount to be proven at trial which is in excess of $15,000,000.00.

79.    The actions of defendants BIANCO and DOES 1 through 10, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save defendant COUNTY, in an amount to be proven at trial which is in excess of $10,000,000.00.

**FOURTH CAUSE OF ACTION**
**CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE OR CUSTOM**
**[42 U.S.C. § 1983]**
**(By Plaintiff GAIL SEABRA Against Defendants BIANCO, COUNTY and DOES 7 through 10, inclusive)**

80.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 79, inclusive, above, as if set forth in full herein.

81.    As shown above, defendant BIANCO is the elected Sheriff of Riverside County.

82.    Also as shown above, defendants DOES 7 through 10, inclusive, are the Undersheriff of Riverside County and/or Assistant Sheriffs of Riverside County and/or high-level Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other policymaking and final policymaking officials for the County of Riverside/Riverside County Sheriff's Department.

83.    Also as shown above, BIANCO and DOES 7 through 10, inclusive, created and/or otherwise substantially contributed to the creation of the policies

$25,000.00.

COMPLAINT FOR DAMAGES
22

and/or practices and/or customs and/or usages of defendant County of Riverside /Riverside County Sheriff's Department for arresting persons in private residences.

84. Those policies and/or practices and/or customs and/or usages of defendant County of Riverside/Riverside County Sheriff's Department for arresting persons in private residences so created by defendants BIANCO and defendants DOES 7 through 10, inclusive, include deploying launching flashbang grenades and tear gas canisters into private residences when Riverside County Sheriff's Department deputy sheriffs and/or supervisors are attempting to execute an arrest warrant for persons who are accused of non-violent crimes and who are located inside of private residences, and who after being ordered by deputy sheriffs and/or Supervisors to exit such private residences, either fail to exit or refuse to exit such private residences in non-emergency situations and when there is no pressing necessity to quickly or immediately effect the arrest of any such targets of any such arrest warrants for non-violent offenses, to force/attempt to force the target of the arrest warrant to exit such private residences, rather than having Riverside County Sheriff's Department deputy sheriffs and/or supervisors enter such private residences to arrest the person who is the target of the arrest warrant.

85. Those policies and/or practices and/or customs and/or usages of defendant County of Riverside/Riverside County Sheriff's Department for arresting persons in private residences so created by defendants BIANCO and defendants DOES 7 through 10, inclusive, include using TAC-CAT vehicles/devices to break down the outside and inside walls of private residences, and severely damaging and essentially destroying private residences to locate and apprehend the targets of arrest warrants for non-violent crimes, when Riverside County Sheriff's Department deputy sheriffs and/or supervisors are attempting to execute an arrest warrant for persons who are accused of non-violent crimes and

COMPLAINT FOR DAMAGES

23

who are located inside of private residences, and who after being ordered by deputy sheriffs and/or Supervisors to exit such private residences, either fail to exit or refuse to exit such private residences, to force/attempt to force the target of the arrest warrant to exit such private residences in non-emergency situations and when there is no pressing necessity to quickly or immediately effect the arrest of any such targets of any such arrest warrants for non-violent offenses, rather than having Riverside County Sheriff's Department deputy sheriffs and/or supervisors enter such private residences to arrest the person who is the target of the arrest warrant.

86.     Those policies and/or practices and/or customs and/or usages of defendant County of Riverside/Riverside County Sheriff's Department for arresting persons in private residences so created by defendants BIANCO and defendants DOES 7 through 10, inclusive, include excluding and preventing other residents of private residences who are not the targets of arrest warrants, and who are related to or friends with or married to or in a dating/romantic relationship with the targets of arrest warrants for non-violent offenses, from going back inside of their private residences to convince the targets of arrest warrants that Riverside County Sheriff's Department deputy sheriffs and/or supervisors are attempting to execute for persons who are accused of non-violent crimes and who are located inside of private residences, to exit their private residences and to submit to arrest when Riverside County Sheriff's Department deputy sheriffs and/or supervisors are attempting to execute an arrest warrant for persons who are accused of non-violent crimes and who are located inside of private residences, and who after being ordered by deputy sheriffs and/or Supervisors to exit such private residences, either fail to exit or refuse to exit such private residences.

87.     As a proximate result of these policies and customs and practices of the Riverside County Sheriff's Department that were created by BIANCO and/or DOES 7 through 10, inclusive, during the September 1, 2023 incident complained

of in this action, when plaintiff SEABRA's nephew FIELDS failed/refused/declined to exit plaintiff SEABRA's private residence after having been ordered to do so by defendants DOES 1 through 6[31], inclusive, defendants DOES 1 through 6, inclusive used the Riverside County Sheriff's Department's "Robot" TAC-CAT vehicle to destroy plaintiff SEABRA's home and her items of personal property contained therein, as described above.

88.     In addition, as a proximate result of these policies and customs and practices of the Riverside County Sheriff's Department, during the September 1, 2023 incident complained of in this action, defendant DOES 1 through 6, inclusive, refused to consider less dangerous and destructive methods to extricate FIELDS from plaintiff SEABRA's home, even though there was no emergency situation that existed when defendants destroyed plaintiff's home and items of personal property, nor did any condition exist necessitating any quick or immediate actions by said defendant deputies to arrest FIELDS.

89.     As a direct and proximate result of the actions of defendants BIANCO and DOES 7 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured[32], 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of her real and personal property[33] and 4) incurred damage to her real and personal property in excess of $100,000.00, and 5) incurred other special and general

---

[31] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.

[32] As described above.

[33] Moreover, defendants' destruction of plaintiff's home made her home uninhabitable and caused plaintiff to have to reside elsewhere at great expense to her in an amount in excess of $25,000.00.

damages and expenses, all in an amount to be proven at trial which is in excess of $15,000,000.00.

90. The actions of defendants BIANCO and DOES 7 through 10, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save defendant COUNTY, in an amount to be proven at trial which in excess of $10,000,000.00.

## FITHTH CAUSE OF ACTION
## CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON FAILURE TO TRAIN
## [42 U.S.C. § 1983]
### (By Plaintiff GAIL SEABRA Against Defendants BIANCO, COUNTY and DOES 7 through 10, inclusive)

91. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 90, inclusive, above, as if set forth in full herein.

92. As shown above, defendant BIANCO is the elected Sheriff of Riverside County.

93. Also as shown above, defendants DOES 7 through 10, inclusive, are the Undersheriff of Riverside County and/or Assistant Sheriffs of Riverside County and/or high-level Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other policymaking and final policymaking officials for the County of Riverside/Riverside County Sheriff's Department.

94. Also as shown above, BIANCO and DOES 7 through 10, inclusive, created and/or otherwise substantially contributed to the creation of the policies and/or practices and/or customs and/or usages of defendant County of Riverside /Riverside County Sheriff's Department for arresting persons in private residences.

95. Those policies and/or practices and/or customs and/or usages of

COMPLAINT FOR DAMAGES

26

defendant County of Riverside/Riverside County Sheriff's Department for arresting persons in private residences so created by defendants BIANCO and defendants DOES 7 through 10, inclusive, include wrongfully training Riverside County Sheriff's Department deputy sheriffs and supervisors to deploy/launch flashbang grenades and tear gas canisters into private residences when Riverside County Sheriff's Department deputy sheriffs and/or supervisors are attempting to execute an arrest warrant for persons who are accused of non-violent crimes and who are located inside of private residences, and who after being ordered by deputy sheriffs and/or Supervisors to exit such private residences, either fail to exit or refuse to exit such private residences in non-emergency situations and when there is no pressing necessity to quickly or immediately effect the arrest of any such targets of any such arrest warrants for non-violent offenses, to force/attempt to force the target of the arrest warrant to exit such private residences, rather than having Riverside County Sheriff's Department deputy sheriffs and/or supervisors enter such private residences to arrest the person who is the target of the arrest warrant.

96. Those policies and/or practices and/or customs and/or usages of defendant County of Riverside/Riverside County Sheriff's Department for arresting persons in private residences so created by defendants BIANCO and defendants DOES 7 through 10, inclusive, include wrongfully training Riverside County Sheriff's Department deputy sheriffs and supervisors to use TAC-CAT vehicles/devices to break down the outside and inside walls of private residences, and severely damage and essentially destroy private residences to locate and apprehend the targets of arrest warrants for non-violent crimes, when Riverside County Sheriff's Department deputy sheriffs and/or supervisors are attempting to execute an arrest warrant for persons who are accused of non-violent crimes and who are located inside of private residences, and who after being ordered by deputy sheriffs and/or Supervisors to exit such private residences, either fail to

exit or refuse to exit such private residences, to force/attempt to force the target of the arrest warrant to exit such private residences in non-emergency situations and when there is no pressing necessity to quickly or immediately effect the arrest of any such targets of any such arrest warrants for non-violent offenses, rather than having Riverside County Sheriff's Department deputy sheriffs and/or supervisors enter such private residences to arrest the person who is the target of the arrest warrant.

97.     Those policies and/or practices and/or customs and/or usages of defendant County of Riverside/Riverside County Sheriff's Department for arresting persons in private residences so created by defendants BIANCO and defendants DOES 7 through 10, inclusive, include wrongfully training Riverside County Sheriff's Department deputy sheriffs and supervisors to exclude and prevent other residents of private residences who are not the targets of arrest warrants, and who are related to or friends with or married to or in a dating/romantic relationship with the targets of arrest warrants for non-violent offenses, from going back inside of their private residences to convince the targets of arrest warrants that Riverside County Sheriff's Department deputy sheriffs and/or supervisors are attempting to execute for persons who are accused of non-violent crimes and who are located inside of private residences, to exit their private residences and to submit to arrest when Riverside County Sheriff's Department deputy sheriffs and/or supervisors are attempting to execute an arrest warrant for persons who are accused of non-violent crimes and who are located inside of private residences, and who after being ordered by deputy sheriffs and/or Supervisors to exit such private residences, either fail to exit or refuse to exit such private residences.

98.     As a proximate result of these wrongful training policies and customs and practices of the Riverside County Sheriff's Department that were created by BIANCO and/or DOES 7 through 10, inclusive, during the September 1, 2023

incident complained of in this action, when plaintiff SEABRA's nephew FIELDS failed/refused/declined to exit plaintiff SEABRA's private residence after having been ordered to do so by defendants DOES 1 through 6[34], inclusive, defendants DOES 1 through 6, inclusive used the Riverside County Sheriff's Department's "Robot" TAC-CAT vehicle to destroy plaintiff SEABRA's home and her items of personal property contained therein, as described above.

99. In addition, as a proximate result of this wrongful training of Riverside County Sheriff's Department deputy sheriffs and supervisors during the September 1, 2023 incident complained of in this action, defendant DOES 1 through 6, inclusive, refused to consider less dangerous and destructive methods to extricate FIELDS from plaintiff SEABRA's home, even though there was no emergency situation that existed when defendants destroyed plaintiff's home and items of personal property, nor did any condition exist necessitating any quick or immediate actions by said defendant deputies to arrest FIELDS.

100. As a direct and proximate result of the actions of this types of wrongful training of Riverside County Sheriff's Department deputy sheriffs and supervisors that were implemented due to those policies, customs and practices created by defendants BIANCO and DOES 7 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured[35] and suffered severe physical, mental and emotional pain, suffering and distress[36], 2) incurred medical and psychological costs, bills and expenses, 3) lost

---

[34] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.
[35] As described above.
[36] suffering that was so severe that she suffered several strokes from the physical manifestation of such emotional distress, pain and suffering.

COMPLAINT FOR DAMAGES

29

the use and possession of her real and personal property[37] and 4) incurred damage to her real and personal property in excess of $100,000.00, and 5) incurred other special and general damages and expenses, all in an amount to be proven at trial which is in excess of $15,000,000.00.

101. The actions of defendants BIANCO and DOES 7 through 10, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save defendant COUNTY, in an amount to be proven at trial which in excess of $10,000,000.00.

## SIXTH CAUSE OF ACTION
### INVERSE CONDEMNATION
### Under California State Law
### [Cal. Const. Art. I § 19]
### (By Plaintiff GAIL SEABRA Against Defendant COUNTY)

102. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 101, inclusive, above, as if set forth in full herein.

103. As shown above, the actions of defendants Riverside County Sheriff's Department deputy sheriffs and Supervisors (DOES 1 through 6, inclusive[38]), the elected Sheriff of Riverside County, defendant BIANCO, and other high-ranking final policy making officials with the Riverside County

---

[37] Moreover, defendants' destruction of plaintiff's home made her home uninhabitable and caused plaintiff to have to reside elsewhere at great expense to her in an amount in excess of $25,000.00.

[38] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.

COMPLAINT FOR DAMAGES

30

Sheriff's Department (DOES 7 through 10, inclusive[39]), in destroying plaintiff SEABRA's home and her personal property to effect an arrest of FIELDS pursuant to a bench warrant for his failure to appear in court, constituted the taking of plaintiff SEABRA's real and personal property for public use (i.e. the arrest of FIELDS pursuant to a bench warrant), without just compensation.

104. Moreover, no emergency situation existed to apprehend FIELDS, and there was no necessity to immediately or to quickly apprehend him or to damage and destroy plaintiff SEABRA's home and items of personal property to arrest FIELDS.

105. Accordingly, plaintiff SEABRA's private home and items of personal property were damaged and destroyed for public use/for public purpose, in the absence of any necessity or emergency exception to the takings clause of Article I, Section 19 of the California Constitution that requires just compensation for public entities taking private property, and, therefore, constitutes Inverse Condemnation of plaintiff SEABRA's home and personal property under California State Law as defendant County of Riverside has provided no compensation at all for the damage and destruction of plaintiff's property, both real and personal. Defendants have not provided plaintiff with any compensation for their taking of plaintiff's property.

106. Accordingly, the conduct of defendants COUNTY, BIANCO and DOES 1 through 10, inclusive, as complained of in this action, constituted a violation of plaintiff SEABRA's right to just compensation when her property has been taken by the government for public use/public purpose under the takings

---

[39] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.

clause of the Fifth Amendment to the United States Constitution.

107. As a direct and proximate result of the actions of defendant COUNTY as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of her real and personal property[40] and 4) incurred damage to her real and personal property in excess of $100,000.00, and 5) incurred other special and general damages and expenses, all in an amount to be proven at trial which is in excess of $15,000,000.00.

## SEVENTH CAUSE OF ACTION
### TRESPASS / DAMAGE TO REAL PROPERTY
### Under California State Law
### (By Plaintiff GAIL SEABRA Against Defendants COUNTY, BIANCO and DOES 1 through 10, inclusive)

108. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 107, inclusive, above, as though set forth in full herein.

109. Plaintiff SEABRA owned and possessed her home at 18859 Lisa Lane, Perris, California, in a single-family residence mobile home that she owned and owns.

110. As shown above, on September 1, 2023 defendants BIANCO and DOES 1 through 6[41], inclusive, destroyed/severely damaged plaintiff's private home and residence at 18859 Lisa Lane, Perris, California when they tear gassed

---

[40] Moreover, defendants' destruction of plaintiff's home made her home uninhabitable and caused plaintiff to have to reside elsewhere at great expense to her in an amount in excess of $25,000.00.

[41] Due to the Central District of California Local Rule of Court limiting the number of DOE defendants in a Complaint for Damages to no more than 10, plaintiff is limited in naming additional DOE defendants who committed the tortious actions complained of in this action. However, plaintiff nonetheless show that there are more than 10 DOE defendant deputy sheriffs, supervisors and high-ranking policy making officials that due to said Local Rule of the Central District cannot be named/shown in this instant Complaint for Damages.

the home, when they flash banged the home and when they wrongfully, tortiously, unlawfully and unjustifiably used the Riverside County Sheriff's Department's TAC-CAT vehicle/device to break down both the exterior and interior walls of plaintiff's home, and to destroy the walls, structures and items inside of plaintiff's home.

111.  Said defendants COUNTY, BIANCO and DOES 1 through 10, inclusive, intentionally and substantially interfered with plaintiff SEABRA's use of her property by taking possession of, and destroying her home.

112.  As shown above, the destruction of plaintiff's home resulted in $75,000.00 in damages to plaintiff's home and $25,000.00 for the contents of said home.

113. Moreover, defendants' destruction of plaintiff's home made her home uninhabitable and caused plaintiff to have to reside elsewhere at great expense to her in an amount in excess of $25,000.00.

114.  Accordingly, defendants have trespassed and destroyed plaintiff's home and residence, resulting in special damages to plaintiff in an amount in excess of $125,000.00 for damages to plaintiff's home and residence. Moreover, defendants are liable to plaintiffs pursuant to Cal. Gov't Code §§ 815.2(a) and 820.

115.  As a direct and proximate result of these actions by defendants plaintiff: 1) was substantially physically, mentally and emotionally injured[42] and suffered severe physical, mental and emotional pain, suffering and distress[43],  2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of her real and personal property[44] and 4) incurred damage to her real

---

[42] As described above.

[43] suffering that was so severe that she suffered several strokes from the physical manifestation of such emotional distress, pain and suffering.

[44] Moreover, defendants' destruction of plaintiff's home made her home uninhabitable and

COMPLAINT FOR DAMAGES

33

and personal property in excess of $100,000.00, and 5) incurred other special and general damages and expenses, all in an amount to be proven at trial which is in excess of $15,000,000.00.

116. The actions of defendants BIANCO and DOES 7 through 10, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save defendant COUNTY, in an amount to be proven at trial which in excess of $10,000,000.00.

### EIGHTH CAUSE OF ACTION
### CONVERSION / TRESPASS TO CHATTELS
### Under California State Law
### (By Plaintiff GAIL SEABRA Against Defendants COUNTY, BIANCO and DOES 1 through 10, inclusive)

117. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 116, inclusive, above, as though set forth in full herein.

117. Plaintiff SEABRA owned and possessed her home and her personal property identified hereinabove and at all times mentioned herein.

118. Defendants COUNTY, BIANCO and DOES 7 through 10, inclusive, had an official policy, custom and practice of having defendants DOES 1 through 6, inclusive, to unlawfully destroy innocent third parties' homes, such as plaintiff SEABRA's, with a tank-like robot, the TAC-CAT vehicle/device.

119. Said defendants COUNTY, BIANCO and DOES 1 through 10, inclusive, intentionally and substantially interfered with plaintiff SEABRA's use of her property by taking possession of, and destroying her home and her items of personal property contained inside of her home.

---

caused plaintiff to have to reside elsewhere at great expense to her in an amount in excess of $25,000.00.

COMPLAINT FOR DAMAGES

34

120.   Plaintiff SEABRA did not consent to said defendants', and each of them, the taking and destruction of her home.

121.    Plaintiff SEABRA was actually harmed by the taking of her home and by the destruction of her items of personal property.

122.   Said defendants' conduct, and each of them, was a substantial factor in causing plaintiffs' harm. Moreover, defendants are liable to plaintiffs pursuant to Cal. Gov't Code §§ 815.2(a) and 820.

123.   As a direct and proximate result of the actions of this types of wrongful training of Riverside County Sheriff's Department deputy sheriffs and supervisors that were implemented due to those policies, customs and practices created by defendants BIANCO and DOES 7 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured[45] and suffered severe physical, mental and emotional pain, suffering and distress[46],  2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of her real and personal property[47] and 4) incurred damage to her real and personal property in excess of $100,000.00, and 5) incurred other special and general damages and expenses, all in an amount to be proven at trial which is in excess of $15,000,000.00.

124.   The actions of defendants BIANCO and DOES 7 through 10, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save defendant COUNTY, in an amount to be proven at trial which in excess of $10,000,000.00.

---

[45] As described above.

[46] suffering that was so severe that she suffered several strokes from the physical manifestation of such emotional distress, pain and suffering.

[47] Moreover, defendants' destruction of plaintiff's home made her home uninhabitable and caused plaintiff to have to reside elsewhere at great expense to her in an amount in excess of $25,000.00.

COMPLAINT FOR DAMAGES

35

## NINTH CAUSE OF ACTION
### NEGLIGENCE
### Under California State Law
### (By Plaintiff GAIL SEABRA Against Defendants COUNTY, BIANCO and DOES 1 through 10, inclusive)

125. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 124, inclusive, above, as though set forth in full herein.

126. Said defendants COUNTY, BIANCO and DOES 1 through 10, inclusive, owed plaintiff a duty under Cal. Civil Code § 1714 to use due care regarding the safety and well-being of her real and personal property, and regarding not violating plaintiff's right to possess her real and personal property.

127. As shown above, said defendants breached their duty of care to plaintiff SEABRA when they unlawfully seized and destroyed plaintiffs' home and her items of personal property contained therein as described above. Moreover, defendants are liable to plaintiffs pursuant to Cal. Gov't Code §§ 815.2(a) and 820.

128. As a direct and proximate result of the actions of this types of wrongful training of Riverside County Sheriff's Department deputy sheriffs and supervisors that were implemented due to those policies, customs and practices created by defendants BIANCO and DOES 7 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured[48] and suffered severe physical, mental and emotional pain, suffering and distress[49], 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of her real and personal property[50] and 4) incurred damage

---

[48] As described above.

[49] suffering that was so severe that she suffered several strokes from the physical manifestation of such emotional distress, pain and suffering.

[50] Moreover, defendants' destruction of plaintiff's home made her home uninhabitable and

to her real and personal property in excess of $100,000.00, and 5) incurred other special and general damages and expenses, all in an amount to be proven at trial which is in excess of $15,000,000.00.

**TENTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**Under California State Law**
**(By Plaintiff GAIL SEABRA Against Defendants COUNTY, BIANCO and DOES 1 through 10, inclusive)**

129.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 128, inclusive, above, as though set forth in full herein.

130.   Defendants BIANCO and DOES 1 through 10, inclusive, and each of them, knew and/or should have known that plaintiff SEABRA was susceptible to suffering severe emotional distress from the actions taken and committed against plaintiff as complained of above and herein, and plaintiff did so suffer severe emotional distress from said defendants actions taken against her shown above.

131.   Moreover, the conduct of said defendants for all of the incidents complained of herein, were outrageous and not the type of conduct condoned in a civilized society. Moreover, defendants are liable to plaintiffs pursuant to Cal. Gov't Code §§ 815.2(a) and 820.

132.   As a direct and proximate result of the actions of defendants COUNTY, BIANCO and DOES 1 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and suffered severe physical, mental and emotional pain, suffering and distress[51], 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and

---

caused plaintiff to have to reside elsewhere at great expense to her in an amount in excess of $25,000.00.

[51] suffering that was so severe that she suffered several strokes from the physical manifestation of such emotional distress, pain and suffering.

COMPLAINT FOR DAMAGES

37

possession of her real and personal property[52] and 4) incurred other special and general damages and expenses, in an amount to be proven at trial which is in excess of $10,000,000.

133. The actions of defendants BIANCO and DOES 1 through 10, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $10,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $15,000,000.00;

b) For a judgment against all defendants for punitive damages in an amount in excess of $10,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____
JERRY L. STEERING, ATTORNEY
FOR PLAINTIFF GAIL SEABRA

_____

[52] Moreover, defendants' destruction of plaintiff's home made her home uninhabitable and caused plaintiff to have to reside elsewhere at great expense to her in an amount in excess of $25,000.00.

COMPLAINT FOR DAMAGES

38